# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket



06 – 106

05/25/2006
02:42 PM

RGS

FILED
IN CLERKS OFFICE

2006 JUN -2 P 12: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

## SUCV2006-01667
## Rhodes v J P Morgan Chase & Co et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 04/19/2006 | **Status** | · | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 05/23/2006 | **Session** | | H - Civil H, 3 Pemberton Sq, Boston | | |
| **Origin** | 1 | **Case Type** | | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 07/18/2006 | **Answer** | 09/16/2006 | **Rule12/19/20** | 09/16/2006 |
| **Rule 15** | 09/16/2006 | **Discovery** | 02/13/2007 | **Rule 56** | 03/15/2007 |
| **Final PTC** | 04/14/2007 | **Disposition** | 06/13/2007 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Dion Rhodes
Active 04/19/2006

**Defendant**
J P Morgan Chase & Co
Served: 05/01/2006
Served (answr pending) 05/15/2006

**Town Counsel's Office 555766**
Lawrence J Casey
Shilepsky O'Connell Casey Hartley Michon
Yelen LLP
225 Franklin Street
16th Floor
Boston, MA 02110-2898
Phone: 617-723-8000
Active 04/19/2006 Notify

**Private Counsel 650377**
Marc D. Friberger
Shilepsky O'Connell Casey Hartley Michon
Yelen LLP
225 Franklin St
16th Floor
Boston, MA 02110
Phone: 617-723-8000
Fax: 617-854-4040
Active 04/19/2006 Notify

**Private Counsel 348220**
Joan Ackerstein
Jackson Lewis LLP
75 Park Plaza
4th Floor
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 05/23/2006 Notify

**Private Counsel 654269**
Heather L Stepler
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 05/23/2006 Notify

## SUCV2006-01667
## Rhodes v J P Morgan Chase & Co et al

| | |
|---|---|
| **Defendant**<br>J P Morgan Securities, Inc<br>Served: 05/01/2006<br>Served (answr pending) 05/15/2006 | **Private Counsel 348220**<br>Joan Ackerstein<br>Jackson Lewis LLP<br>75 Park Plaza<br>4th Floor<br>Boston, MA 02116<br>Phone: 617-367-0025<br>Fax: 617-367-2155<br>Active 05/23/2006 Notify<br><br>**Private Counsel 654269**<br>Heather L Stepler<br>Jackson Lewis LLP<br>75 Park Plaza<br>Boston, MA 02116<br>Phone: 617-367-0025<br>Fax: 617-367-2155<br>Active 05/23/2006 Notify |
| **Defendant**<br>Eric Beinstein<br>Served: 05/15/2006<br>Served (answr pending) 05/15/2006 | **Private Counsel 348220**<br>Joan Ackerstein<br>Jackson Lewis LLP<br>75 Park Plaza<br>4th Floor<br>Boston, MA 02116<br>Phone: 617-367-0025<br>Fax: 617-367-2155<br>Active 05/23/2006 Notify<br><br>**Private Counsel 654269**<br>Heather L Stepler<br>Jackson Lewis LLP<br>75 Park Plaza<br>Boston, MA 02116<br>Phone: 617-367-0025<br>Fax: 617-367-2155<br>Active 05/23/2006 Notify |
| **Defendant**<br>Joseph Ghartey<br>Served: 05/15/2006<br>Served (answr pending) 05/15/2006 | **Private Counsel 348220**<br>Joan Ackerstein<br>Jackson Lewis LLP<br>75 Park Plaza<br>4th Floor<br>Boston, MA 02116<br>Phone: 617-367-0025<br>Fax: 617-367-2155<br>Active 05/23/2006 Notify |

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2006-01667
## Rhodes v J P Morgan Chase & Co et al

**Private Counsel 654269**
Heather L Stepler
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 05/23/2006 Notify

| | | ENTRIES |
|---|---|---|

| Date | Paper | Text |
|---|---|---|
| 04/19/2006 | 1.0 | Complaint filed with request for trial by jury all issues |
| 04/19/2006 | | Origin 1, Type B22, Track F. |
| 04/19/2006 | 2.0 | Civil action cover sheet filed |
| 04/19/2006 | 3.0 | Plaintiff Dion Rhodes's ex parte MOTION for appointment of special process server Constable Ronald DiGiorgio |
| 04/26/2006 | 4.0 | Plaintiff Dion Rhodes'sSecond ex parte MOTION for appointment of special process server Allowed (Brassard, J.). |
| 05/05/2006 | | MOTION (P#3) ALLOWED (Raymond J Brassard, Justice) Notices mailed 5/2/2006 (entered 5/2/06) |
| 05/15/2006 | 5.0 | SERVICE RETURNED: J P Morgan Chase & Co(Defendant) (in hand) |
| 05/15/2006 | 6.0 | SERVICE RETURNED: J P Morgan Securities, Inc(Defendant) (in hand) |
| 05/15/2006 | 7.0 | SERVICE RETURNED: Eric Beinstein(Defendant) (certified mail) |
| 05/15/2006 | 8.0 | SERVICE RETURNED: Joseph Ghartey(Defendant) (certified mail) |
| 05/23/2006 | | Certified copy of potition for removal to U. S. Dist. Court of Defts. JPMorgan Chase & Co., J. P. Morgan Securities, Inc., Eric Beinstein and Joseph Ghartey U. S. Dist.#(06-CA-10886RGS). |
| 05/23/2006 | | Case REMOVED this date to US District Court of Massachusetts |

| | | EVENTS |
|---|---|---|

I HEREBY ATTEST AND CERTIFY ON

MAY 24, 2006 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

06-1667

SUFFOLK, ss.                                    CIVIL ACTION NO. _____

DION RHODES,                          )
                                      )
Plaintiff,                            )
                                      )
v.                                    )
                                      )
JPMORGAN CHASE & CO.,                 )
J.P. MORGAN SECURITIES, INC.,         )
ERIC BEINSTEIN, and                   )
JOSEPH GHARTEY                        )
                                      )
Defendants.                           )
_____)

## COMPLAINT AND JURY DEMAND

### Nature Of The Action

Plaintiff, Dion Rhodes ("Rhodes"), brings this action for damages against Defendants

JPMorgan Chase & Co. ("JP Morgan"), J.P. Morgan Securities, Inc. ("JPMSI"), Eric

Beinstein ("Beinstein") and Joseph Ghartey ("Ghartey"), asserting the following claims: (a)

discrimination on the basis of sex in violation of M.G.L. 151B § 4(1); (b) retaliation in

violation of M.G.L. c. 151B, § 4(4); (c) interference in violation of M.G.L. c. 151B, § 4(4A);

(d) aiding and abetting in violation of M.G.L. c. 151B, § 4(5); and (e) interference with

contractual/advantageous relations.

### PARTIES

1.    Rhodes is a female resident of Massachusetts.

2. Upon information and belief, Defendant, JP Morgan is a Delaware corporation that is registered to do business in the Commonwealth of Massachusetts and maintains a usual place of business at 50 Rowes Wharf, Boston, Suffolk County, Massachusetts.

3. Upon information and belief, JPMSI is a Delaware corporation that is registered to do business in the Commonwealth of Massachusetts and maintains a usual place of business at 50 Rowes Wharf, Boston, Suffolk County, Massachusetts. Upon information and belief, JPMSI is a wholly owned subsidiary of JP Morgan, and is governed and controlled by JP Morgan employment practices and procedures, including but not limited to, JP Morgan policies concerning employee benefits, discrimination, and severance.

4. Upon information and belief, at all relevant times hereto, Rhodes was employed by both JP Morgan and JPMSI (collectively referred to as the "Company") as both entities exerted significant control over her and, on information and belief, operate as an integrated employer, particularly relating to matters governing the essential terms and conditions of her employment. For purposes of this action, the employing entity will be referred to as the Company.

5. The Company is an "employer" within the meaning of M.G.L. c. 151B, §1(5).

6. Defendant, Beinstein is, upon information and belief, a resident of the state of Connecticut. Beinstein is a Managing Director of the Company within the Company's New York office.

7. Defendant, Ghartey is, upon information and belief, a resident of the state of New York. Ghartey is a Managing Director of the Company within the Company's New York office and was in a supervisory position over Rhodes from June 2003 through her termination on August 15, 2005.

2

## JURISDICTION

8.     This court has subject matter jurisdiction pursuant to statute and common law and personal jurisdiction based on the Company's usual place of business. Further, this Court has jurisdiction over the Defendants pursuant to the Massachusetts Long Arm Statute, M.G.L. c. 223A.

## FACTS COMMON TO ALL COUNTS

9.     Rhodes is an adult female.

10.    Rhodes was hired in March 1986 by JP Morgan & Co., Inc., which, upon information and belief, is the predecessor of JPMSI. In 1996, Rhodes became a member of the Equity Derivatives Group's ("EDG") research area in the New York office. In 1998, Rhodes was promoted to Vice President.

11.    In 2003, Rhodes was transferred to the Company's Boston office, continuing in her equity derivative research responsibilities for EDG's strategy area. As of June 2003, Rhodes reported to both Ghartey and Adam Green ("Green").

12.    Rhodes announced her pregnancy in June 2004 to the Company. In or around October 2004, Green and Ghartey directed Rhodes to train Lawrence Chan ("Chan"), a Vice President in Information Technology, to provide limited coverage for her during her maternity leave.

13.    On November 22, 2004, Rhodes took maternity leave through the end of February 2005.

14.    Upon her return from maternity leave and with no prior notice, Rhodes was not given the opportunity to perform the majority of her equity derivative research responsibilities within EDG. Instead, Green assigned Rhodes to perform only a small percentage of her

3

former equity derivative research responsibilities and to make it a priority to spend the majority of her time assisting William Shelton, a Vice President in EDG's Marketing Group, with a marketing project (Rhodes spent a limited amount of time in September 2004 assisting Shelton with marketing duties). In this role, Rhodes successfully coordinated the preparation of articles for publication.

15.     On May 11, 2005, Shelton informed Rhodes, that she was not the "right fit" and to look for a job in Boston. When Rhodes asked Shelton for an explanation, he was unable to provide her with an answer and instead stated that Ghartey would speak with her.

16.     On May 13, 2005, Ghartey informed Rhodes that her position had been eliminated. Ghartey assured Rhodes that her job duties and responsibilities would not be transferred elsewhere within the Company. Ghartey claimed that her position elimination was based upon the fact that equity derivative research did not generate any direct revenue for the Company.

17.     On May 16, 2005, Rhodes confirmed with the Company's Human Resource Department ("HR") via e-mail that Ghartey had informed her that "Equity Derivative Strategy has been eliminated." Rhodes also sent Ghartey a copy of this e-mail.

18.     On May 18, 2005, Rhodes learned from Chan that contrary to Ghartey's assertion, at least some of her equity derivative research responsibilities were being transferred to Beinstein's group (upon information and belief, either the Credit Derivatives Research group or Corporate Quantitative Research ("CQR") group). Chan further informed Rhodes that Ghartey had arranged for Chan to speak with Beinstein concerning the transfer of at least some of Rhodes' equity derivative research duties to Beinstein. Beinstein did not contact Rhodes during this time period to discuss the transfer of any of her job duties.

4

19.     Subsequent to being informed that her position was eliminated, Rhodes, on a number of occasions, conveyed to Ghartey, Green and HR her interest in securing another research position within the Company.

20.     On or around May 25, 2005, Ghartey offered to speak to a marketing manager on Rhodes' behalf about possible positions, despite the fact that she was not interested in a marketing position. Green never responded to Rhodes' request for assistance with her job search. HR also did not provide Rhodes with any meaningful assistance during this time period.

21.     After learning from Chan that at least some of her former job duties were being transferred to Beinstein, Rhodes contacted HR and Employee Relations ("ER") to express her concerns that her job was not being eliminated but transferred to Beinstein and/or his team, that Beinstein was apparently hiring employees to publish equity derivative research, and that this information was being kept from her. ER responded to Rhodes that such information was "hearsay."

22.     On or around June 1, 2005, Rhodes was informed by Joanne Veth, an Equity Derivatives compliance officer of the Company that Beinstein was to begin distributing equity derivative research reports authored by Rhodes under his name.

23.     On or around June 1, 2005, Chan informed Rhodes that Beinstein had offered Chan an available research position within Beinstein's group. Rhodes was not offered a position by Beinstein at this time.

24.     On or around June 2, 2005, Chan informed Rhodes that he was leaving the Company, and that he expected Beinstein to offer Rhodes a research position in Beinstein's group as Chan declined the Company's offer. Chan further acknowledged that the Company had made

5

Chan a counter-offer in an effort to retain him after he turned down the Company's initial offer. At a later date, Chan stated to Rhodes that "Eric simply came to my office and verbally offered to hire me."

25.     On or around June 6, 2005, HR instructed Rhodes that if she was interested in an available research position reporting to Beinstein, she would need to submit a formal application online. Rhodes also learned from HR and later Beinstein, that the available research position reporting to Beinstein would constitute a demotion as it consisted of lesser duties and responsibilities. Rhodes informed HR that she was not inclined to engage in the application process for a job that she had already been performing at a far more senior level (as well as additional duties).

26.     As of June 14, 2005, Ghartey continued to deny that the Company was transferring any of Rhodes' former job duties and responsibilities to Beinstein's group in New York. In response to Rhodes' question as to why Ghartey had not discussed potential job opportunities in Beinstein's group with Rhodes, Ghartey claimed that the responsibilities that Beinstein was overseeing had no similarities to Rhodes' former position.

27.     On or around June 15, 2005, Beinstein informally interviewed Rhodes. Rhodes mentioned that she was seeking a new job because the firm was eliminating equity derivative research. Beinstein neither confirmed nor denied whether his group was going to undertake research involving equity derivatives. Beinstein told Rhodes that the only position he had available was at the Associate level, a much more junior position than Rhodes' previous position.

6

28. On or around June 17, 2005, Rhodes received a termination letter from the Company effective August 15, 2005, that included an offer of severance for the release of her legal rights.

29. Subsequent to receiving the termination letter, Beinstein orally offered Rhodes a research position in his group. However, Beinstein did not provide Rhodes with a job description, and informed her that the position required Rhodes to work out of the New York office, which entailed relocating her family from Boston.

30. On July 11, 2005, Rhodes met with Beinstein again in New York to determine what her role would be and whether Beinstein really wanted her on his team.

31. In light of the fact that the position allegedly required Rhodes to move to New York, Rhodes asked Beinstein if he would give her any form of job guarantee concerning the terms of the position. Beinstein responded that the Company did not give such guarantees. When Rhodes informed Beinstein that she was aware that the Company did so, Beinstein said he would "see what he could do", or words to that effect.

32. Rhodes also asked Beinstein about being able to continue working out of the Boston office instead of moving her family to New York. Beinstein claimed that the job required "visibility" in New York. Rhodes noted that other research analysts worked outside of New York and had visibility, and that she had done so successfully for quite some time. Beinstein said he would consider her request.

33. Finally, Rhodes asked Beinstein if he would prefer that she took a severance package rather than work for him. Beinstein did not provide Rhodes with an answer. In light of Beinstein's refusal to answer her question, Rhodes asked Beinstein to either inform Human

7

Resources that he did not want her in his group, or if he was truly interested in her, to contact her with a job description and responses to her inquiries.

34. On July 13, 2005, HR Vice President Jocelyn Donat informed Rhodes that she had spoken with Beinstein, and that Beinstein said he thought Rhodes did not want the research position in his group. Donat told Rhodes that Beinstein was considering withdrawing the job offer.

35. Donat further stated that if Rhodes accepted the offer of severance and waived her legal rights, the Company would consider placing her on unpaid administrative leave until October 2005 which would bring her years of service with the company to twenty years for severance purposes and enable her to receive three additional weeks of severance pay and benefits.

36. On July 13, 2005 Rhodes again requested that Beinstein provide her with a description of the "responsibilities you see for me on your team." Beinstein never responded to Rhodes' request.

37. On July 12, 2005, Ghartey forwarded an e-mail to Rhodes, among others, announcing that Beinstein had been named to manage the newly formed CQR, and that CQR would, in fact, publish equity derivative research.

38. On or around July 20, 2005, Rhodes' counsel contacted the Company on Rhodes' behalf.

39. On or about July 25, 2005, HR confirmed to Rhodes that the research position reporting to Beinstein was still available, but that it required Rhodes to relocate her family to New York without any type of guarantee. HR also confirmed that the position being offered

to Rhodes was the same position that was described to her in June 2005 (which was previously indicated by HR and Beinstein to be an Associate level position).

40. Alternatively, HR informed Rhodes that she could accept the offer of severance but it no longer included the offer to go on unpaid administrative leave in order to increase her severance payout. The Company refused Rhodes' subsequent attempt to negotiate the terms of the severance package after she obtained a lawyer.

41. Upon information and belief, Rhodes' male peers also affected by the reorganization of research reporting lines within EDG and Quantitative Equity Strategy seamlessly changed their reporting lines without loss of their position, receipt of a termination letter, and/or without having to reapply for jobs with lesser responsibilities or move from the offices in which they worked.

42. On or around June 28, 2005, Peter Allen, a Vice President in equity derivatives research in the Company's London office confirmed to Rhodes via e-mail that "yes its true [we] really are moving, but it's a change in reporting line only... we're still Equity derivatives ...."

43. On or around July 18, 2005, Ronald Dottin, a Vice President in Quantitative Equity Research in the Company's New York office, whose responsibilities were also transferred to Beinstein's group, informed Rhodes that he did not receive a termination letter from the Company and had been reporting to Beinstein for several months.

44. Upon information and belief, the Defendants withheld information from Rhodes of the pending restructuring of the EDG strategy group. For example, Rhodes was not given the opportunity to apply for Beinstein's position as head of CQR despite the fact that Rhodes was

9

as qualified as Beinstein for the position and had greater experience as a research analyst than Beinstein.

45.     Upon information and belief, as of August 2005, Beinstein had no women professionals reporting to him. Upon information and belief, as of August 2005, the Company had no female equity research analysts working in the Boston office. Upon information and belief, as of August 2005, there were no women Managing Directors within EDG. Upon information and belief, since 1996, EDG had only one female Managing Director.

46.     Upon information and belief, the terms of the severance package offered to Rhodes in exchange for a release of legal claims was less favorable than that offered to men.

47.     Rhodes neither accepted the severance package in exchange for a release of legal claims nor the research position in New York. Rhodes was terminated effective August 15, 2005.

48.     Rhodes has satisfied all conditions precedent to the claims asserted in this Complaint.

## COUNT I
### Violation of M.G.L. c. 151B – Sex
### (Against JP Morgan and JPMSI)

Plaintiff, Rhodes, re-alleges paragraphs 1 through 48 above and further alleges:

49.     Rhodes timely met each of the administrative prerequisites to suit under M.G.L. c. 151B.

50.     By the conduct alleged above, JP Morgan and JPMSI discriminated against Rhodes with respect to her compensation, terms, conditions and privileges of employment and discharged Rhodes because of her sex in violation of the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B, § 4(1).

51. As a direct and proximate result thereof, Rhodes has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional reputation, and physical and emotional distress.

## COUNT II
### Retaliation – Violation of M.G.L. c. 151B, § 4(4)
### (Against All Defendants)

Plaintiff, Rhodes, re-alleges paragraphs 1 through 51 above and further alleges:

52. Rhodes timely met each of the administrative prerequisites to suit under M.G.L. c. 151B.

53. By the conduct alleged above, JP Morgan, JPMSI, Beinstein and Ghartey violated M.G.L. c. 151B, § 4(4).

54. As a direct and proximate result thereof, Rhodes has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional reputation, and physical and emotional distress.

## COUNT III
### (Interference – Violation of M.G.L. c. 151B, § 4(4A)
### (Against Beinstein and Ghartey)

Plaintiff, Rhodes, re-alleges paragraphs 1 through 54 above and further alleges:

55. By the conduct alleged above, Beinstein and Ghartey interfered with Rhodes's enjoyment of the right to be free of unlawful discrimination and acted in deliberate disregard of her rights in violation of M.G.L. c. 151B, § 4(4A).

56. As a direct and proximate result thereof, Rhodes has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional reputation, and physical and emotional distress.

11

## COUNT IV
## (Aiding and Abetting -- Violation of M.G.L. c. 151B, § 4(5)
## (Against Beinstein and Ghartey)

Plaintiff, Rhodes, re-alleges paragraphs 1 through 56 above and further alleges:

57.     Ghartey and Beinstein aided and abetted the Company in its discrimination against

Rhodes, in violation of M.G.L. c. 151B, § 4(5).

58.     As a direct and proximate result thereof, Rhodes has suffered and continues to suffer

damages, including but not limited to loss of income, loss of employment benefits, other

financial losses, loss of professional reputation, and physical and emotional distress.

## COUNT V
## Interference with Contractual/Advantageous Relations
## (Against Beinstein and Ghartey)

Plaintiff, Rhodes, re-alleges paragraphs 1 through 58 above and further alleges:

59.     Rhodes had a contractual and/or advantageous employment relationship with the

Company.

60.     Defendants Beinstein and Ghartey were aware of Rhodes's relationship, as set forth

above.

61.     Defendants Beinstein and Ghartey, with improper motive and/or through the use of

improper means, intentionally interfered with Rhodes's contractual/advantageous

employment relationship.

62.     As a direct and proximate result thereof, Rhodes suffered and continues to suffer

damages including but not limited to, loss of income, loss of employment benefits, other

financial losses, loss of professional reputation, and physical and emotional distress.

12

WHEREFORE, Plaintiff prays the Court to enter judgment against the Defendants and to award her all damages, attorneys' fees, fees, costs, interest and further relief to which she is entitled.

## JURY CLAIM

THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

DION RHODES
By her attorneys,

Lawrence J. Casey (BBO#555766)
Marc D. Freiberger (BBO#650377)
Shilepsky O'Connell Casey Hartley Michon Yelen LLP
225 Franklin Street, 16th Floor
Boston, MA 02110
(617) 723-8000

Dated: April 19, 2006

I HEREBY ATTEST AND CERTIFY ON

MAY 24, 2006 , THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 06-1667 +| | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

**PLAINTIFF(S)**
Dion Rhodes

**DEFENDANT(S)**
JPMorgan Chase & Co., J.P. Morgan Securities, Inc., Eric Beinstein & Joseph Chartey

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Lawrence Casey, Marc Freiberger
Shilepsky O'Connell, 225 Franklin St., 16th F
Boston, MA 02110    617-723-8000
Board of Bar Oversees number:

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrim. | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ...........................................................
  2. Total Doctor expenses .............................................................
  3. Total chiropractic expenses ......................................................
  4. Total physical therapy expenses ...............................................
  5. Total other expenses (describe) ................................................
  Subtotal $

B. Documented lost wages and compensation to date .............................
C. Documented property damages to date ..........................................
D. Reasonably anticipated future medical and hospital expenses .................. $
E. Reasonably anticipated lost wages ............................................... $
F. Other documented items of damages (describe)
  Damages and lost income/wages    in excess of $ 500,000
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
  Discrimination on the basis of sex, retaliation, interference, aiding
  and abetting, in violation of M.G.L. c. 151B, and interference with
  contractual/advantageous relations    in excess of $ .............

TOTAL $ .500,000.00.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. .............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4-19-06

ACTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

MAY 24, 2006 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

### Contract

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

### Real Property

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien & charges | (X) |
| C99 | Other (Specify) | (X) |

### Miscellaneous

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L.c.30A | (X) |
| E03 | Action against Commonwealth /Municipality, G.L.c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | G.L.c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L.c.149,s.29,29a | (A) |
| E11 | Workers's Compensation | (X) |
| E12 | G.L.c.123A,s.12(SDP Commitment) | (X) |
| E14 | G.L.c.123A,s.9(SDP Petition) | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act,G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture G.L.c.94C,s.47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

### TORT

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence Personal injury/Property damage | (F) |
| B04 | Other negligence-personal injury /Property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice - Other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229,s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

### EQUITABLE REMEDIES

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence -Personal Injury | (F) | Yes |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

4-25
5-2

3

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

SUFFOLK, ss.                                    CIVIL ACTION NO. **06-1667** H

DION RHODES,                          )
                                      )
            Plaintiff,                )
                                      )
v.                                    )     Allowed.
                                      )
JPMORGAN CHASE & CO., J.P. MORGAN     )
SECURITIES, INC., ERIC BEINSTEIN and  )
JOSEPH GHARTEY,                       )
                                      )
            Defendants.               )
_____)

### EX PARTE MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

The Plaintiff, Dion Rhodes, hereby moves this Honorable Court to appoint Constable

Ronald DiGiorgio of Burlington, Middlesex County, Massachusetts, a Constable knowledgeable in

the service of process, and not a party to this action, or any of his designees, to be specially

appointed by the Court to serve process in this case under the provisions of Rule 4(c) of the Rules of

Civil Procedure in order to assure a substantial savings of time and money.

notice sent
d 5-2-06
L JC
MDF
SO CHMY

                                 DION RHODES
                                 By her attorneys,


                                 _____
                                 Lawrence J. Casey (BBO#555766)
                                 Marc D. Freiberger (BBO#650377)
                                 Shilepsky O'Connell Casey Hartley Michon Yelen LLP
                                 225 Franklin Street, 16th Floor
                                 Boston, MA 02110-2898
                                 (617) 723-8000

Dated: April 19, 2006

I HEREBY ATTEST AND CERTIFY ON

MAY 24, 2006 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY_____
ASSISTANT CLERK.

**4**

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

SUFFOLK, ss.

CIVIL ACTION NO.06-1667 ┼|

DION RHODES,

    Plaintiff,

v.

JPMORGAN CHASE & CO., J.P. MORGAN
SECURITIES, INC., ERIC BEINSTEIN and
JOSEPH GHARTEY,

    Defendants.

## SECOND EX PARTE MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

    The Plaintiff, Dion Rhodes, hereby moves this Honorable Court to appoint Constable

Ronald DiGiorgio of Burlington, Middlesex County, Massachusetts, a Constable knowledgeable in

the service of process, and not a party to this action, or any of his designees, to be specially

appointed by the Court to serve process in this case under the provisions of Rule 4(c) of the Rules of

Civil Procedure in order to assure a substantial savings of time and money.

               DION RHODES
               By her attorneys,

               Lawrence J. Casey (BBO#555766)
               Marc D. Freiberger (BBO#650377)
               Shilepsky O'Connell Casey Hartley Michon Yelen LLP
               225 Franklin Street, 16th Floor
               Boston, MA 02110-2898
               (617) 723-8000

Dated: April 26, 2006

**I HEREBY ATTEST AND CERTIFY ON**
MAY 24, 2006 **, THAT THE**

**FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL CCURT
DEPARTMENT OF THE TRIAL COURT**

BY:

ASSISTANT CLERK.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 06-1667H

Dion Rhodes _____ , Plaintiff(s)

v.

JPMorgan Chase & Co., J.P. Morgan Securities, Inc.,
Eric Beinstein and Joseph Chartey _____ , Defendant(s)

## SUMMONS

To the above-named Defendant: JPMorgan Chase & Co.,

You are hereby summoned and required to serve upon Marc D. Freiberger, Esq.
c/o Shilepsky O'Connell Casey Hartley Michon Yelen LLP

plaintiff's attorney, whose address is 225 Franklin St, 16th Fl. Boston, MA 02110, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse ~~Suzanne V. DelVecchio~~, Esquire, at Boston, the _____ day of
_____ , in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES.
1  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3  TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON

MAY 24, 2006 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 06-1667 H

Dion Rhodes

, Plff(s).

v.

JPMorgan Chase & Co., J.P. Morgan Securities, Inc.,
Eric Beinstein and Joseph Ghartey,

, Def(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

MAY 01 2006
, 200

---

Suffolk, ss.

I CERTIFY UNDER THE PENALTIES OF PERJURY THAT ON MAY 1, 2006 I SERVED A COPY OF THE WITHIN SUMMONS, TOGETHER WITH A COPY OF THE COMPLAINT IN THIS ACTION AND ANY ACCOMPANYING AFFIDAVITS UPON THE WITHIN NAMED DEFENDANT, JPMORGAN CHASE & CO.

C/O CT CORPORATION SYSTEM, IN HAND AT PRINCIPAL PLACE OF BUSINESS, TO WIT, 101 FEDERAL STREET, STE, 300, BOSTON, MA 02110-1800.

SUMMONS SERVED IN HAND TO DARILENA MITCHEL, AGENT AUTHORIZED TO ACCEPT SERVICE ALONG WITH COMPLAINT AND JURY DEMAND, PLAINTIFF'S FIRST SET OF INTERROGATORIES, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FOR DEFENDANT, AND EX PARTE MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

CONSTABLE AND/OR PROCESS SERVER AND
DISINTERSTED PERSON OVER AGE 18.
CONSTABLE'S OFFICE P.O. BOX #10409
CAMBRIDGE,MA 02141 (781) 229-5677

MAY 1, 2006

SERVICE $18.00
ATTEST $5.00
TRAVEL $10.00
M.V. $5.00
POST/HAND
TOTAL $38.00

# Commonwealth of Massachusetts

6

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 06-1667H

Dion Rhodes

_____ , Plaintiff(s)

v.

JPMorgan Chase & Co., J.P. Morgan Securities, Inc.
Eric Beinstein and Joseph Ghartey

_____ Defendant(s)

## SUMMONS

To the above-named Defendant: J.P. Morgan Securities, Inc.

You are hereby summoned and required to serve upon____ Marc D. Freiberger, Esq.
c/o Shilepsky O'Connell Casey Hartley Michon Yelen LLP

plaintiff's attorney, whose address is 225 Franklin St, 16th Fl, Boston, MA 02110 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse _____, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1 This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3 TO PLAINTIFFS ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

**I HEREBY ATTEST AND CERTIFY ON**

MAY 24, 2006 , THAT THE

**FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT**

BY: _____

ASSISTANT CLERK.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 06-1667H

Dion Rhodes _____ , Pltff(s).

v.

JPMorgan Chase & Co., J.P. Morgan Securities, Inc.,
Eric Beinstein and Joseph Chartey _____ , Deft(s).

### SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

MAY 0 1 2006
' 200

---

Suffolk, ss.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
RETURN OF SERVICE

Suffolk Superior

Docket Number 06-1667H

I CERTIFY UNDER THE PENALTIES OF PERJURY : -IAT ON MAY 1, 2006 I SERVED A COPY OF THE WITHIN SUMMONS, TOGETHER WITH A COPY OF THE COMPLAINT I THIS ACTION AND ANY ACCOMPANYING AFFIDAVITS UPON ATHE WITHIN NAMED DEFENDANT, J.P. MORGAN SECUI TIES, INC. C/O CT CORPORATION SYSTEMS IN HAND AT PRINCIPAL PLACE OF BUSINESS, TO WIT, 101 FEDERAL STRE T, BOSTON, MA .

SUMMONS SERVED IN HAND TO DAHERLEA N CHEL, MANAGER AND AGENT AUTHORIZED TO ACCEPT SERVICE ALONG WITH COMPLAINT AND JURY DEMAND PLAINTIFFS FIRST SET OF INTERROGATORIES; PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS -OR DEFENDANT; AND EX PARTE MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER.

MAY 1, 2006

SERVICE $18.00
ATTEST $5.00
TRAVEL $10.00
M.V. $5.00
POSTHAND
TOTAL $48.00

CONSTABLE AND/OR PROCESS SERVER AND
DISINTERESTED PERSON OVER AGE 18.
CONSTABLE'S OFFICE P.O. BOX 410409
CAMBRIDGE, MA 02141 (781) 229-5677

# Commonwealth of Massachusetts

*1*

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 06-1667H

Dion Rhodes
_____ , Plaintiff(s)

v.

JPMorgan Chase & Co., J.P. Morgan Securities, Inc.,
Eric Beinstein and Joseph Chartey
_____ , Defendant(s)

## SUMMONS

To the above-named Defendant: Eric Beinstein

You are hereby summoned and required to serve upon Marc D. Freiberger, Esq.

c/o Shilepsky O'Connell Casey Hartley Michon Yelen LLP

plaintiff's attorney, whose address is 225 Franklin St, 16th Fl, Boston, MA 02110 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Perrsechio, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3 TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT · (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF – (5) OTHER

FORM CIV.P. 1 3rd Rev.

*(Left margin, rotated text:)* answer the complaint, but if you claim to have a within 20 days as specified herein and also file the

*(Left margin, rotated text:)* NOTICE TO DEFENDANT — You need not appear personally in co defense, either you or your attorney must serve a copy of your written an original in the Clerk's Office.

I HEREBY ATTEST AND CERTIFY ON

MAY 24, 2006 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

I hereby certify and return that on _____,200:___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

Dated:_____, 200____.          _____

**N.B.  TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| , 200 . |
|---|

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 06-1667H

Dion Rhodes

_____, Plff(s).

v.

JPMorgan Chase & Co., J.P. Morgan Securities, Inc,,
Eric Beinstein and Joseph Ghartey

_____, Deft(s).

**SUMMONS**
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

UNITED STATES POSTAL SERVICE K NY 100

01 MAY 2006 PM 5

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-40

• Sender: Please print your name, address, and ZIP+4 in this box •

SHILEPSKY O'CONNELL LLP
225 FRANKLIN STREET
16TH FLOOR
BOSTON, MA 02110

02604 C028

MDP - Rhodes

---

| **SENDER:** *COMPLETE THIS SECTION* | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br> B. Received by *(Printed Name)* C. Date of Delivery <br> Heather ACAN |

1. Article Addressed to:

Eric Beinstein
270 Park Ave., 4th Fl.
New York, NY
10017

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

2. Article Number
*(Transfer from service label)*

7006 0100 0001 0183 3844

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 06-1667H

Dion Rhodes
_____ , Plaintiff(s)

v.

JPMorgan Chase & Co., J.P. Morgan Securities, Inc.,
Eric Beinstein and Joseph Ghartey
_____ , Defendant(s)

## SUMMONS

To the above-named Defendant:    Joseph Ghartey

You are hereby summoned and required to serve upon_____ Marc D. Freyberger, Esq.
c/o Shilepsky O'Connell Casey Hartley Michon Yelen LLP

plaintiff's attorney, whose address is 225 Franklin St, 16th Fl, Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio / Barbara J. Rouse, Esquire, at Boston, the_____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON

MAY 24, 2006 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____,200____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 200____.               _____

**N.B.**  **TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

```
┌─────────────────────────────────┐
│                                 │
│                      , 200   .  │
│                                 │
└─────────────────────────────────┘
```

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 06-1667H

Dion Rhodes

_____, Plff(s).

v.

JPMorgan Chase & Co., J.P. Morgan Securities, Inc.,
Eric Beinstein and Joseph Ghartey

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**SHILEPSKY O'CONNELL LLP**
225 FRANKLIN STREET
16TH FLOOR
BOSTON, MA 02110

C028

nUDF - Rhodes

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joseph Charity
277 Park Ave, 9th Fl.
New York, NY
10172-0003

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
   Tween

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)     7006 0100 0001 0183 3943

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Suffolk Superior **COPY** Civl # 06-1667

FILED
**UNITED STATES DISTRICT COURT** ERKS OFFICE
**DISTRICT OF MASSACHUSETTS**

2006 MAY 19 P 2: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

DION RHODES,
Plaintiff,

v.

Civil Action No.

JPMORGAN CHASE & CO., J.P. MORGAN
SECURITIES, INC., ERIC BEINSTEIN and
JOSEPH GHARTEY,
Defendants.

**06 CA 1 0 8 8 6 RGS**

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendants, JPMorgan Chase & Co., J.P. Morgan Securities, Inc., Eric Beinstein, and Joseph Ghartey ("Defendants"), respectfully submit that:

1. On or about May 1, 2006, one of the Defendants was served with a Summons and Complaint in a matter entitled <u>Dion Rhodes v. JPMorgan Chase & Co., J.P. Morgan Securities, Inc., Eric Beinstein, and Joseph Ghartey</u>, Civil Action No. 06-1667H, which was filed in Massachusetts Superior Court, Suffolk County.

2. This Notice is being filed within thirty (30) days of the receipt by the first defendant of the Summons and Complaint. The time for filing this Notice under 28 U.S.C. § 1446(b) has not expired.

3. The process, pleadings, and orders served upon Defendants to date in this matter, copies of which are attached hereto as <u>Exhibit A</u>, are as follows:

Complaint and Jury Demand;

Summons;

hereby certify that the foregoing document is a true and correct copy of the
☐ electronic docket in the captioned case,
☐ electronically filed original filed on
☑ original filed in my office on 5/19/2006
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By:
Deputy Clerk

c. Second Ex Parte Motion for Appointment of Special Process Server; and

d. Civil Docket Sheet.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship, the parties being citizens of different states. In Paragraph 1 of Plaintiff's Complaint and Jury Demand, Plaintiff states that she is a resident of the Commonwealth of Massachusetts. Defendant JPMorgan Chase & Co. is a corporation which is incorporated in Delaware and has its principal place of business in New York, New York. Defendant J.P. Morgan Securities, Inc. is a corporation which is incorporated in Delaware and has its principal place of business in New York, New York. Plaintiff alleges that Defendant Beinstein is a resident of the State of Connecticut. Defendant Ghartey is a citizen of the State of New York. Further, Plaintiff has alleged causes of action, the potential recovery for which exceeds the $75,000 jurisdictional prerequisite, exclusive of interest and costs. Therefore, there is complete diversity between Plaintiff and the Defendants and the requisite amount in controversy.

5. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

6. All defendants consent to this removal.

7. Defendants will notify the Suffolk Superior Court and Plaintiff of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Suffolk Superior Court, is attached hereto as Exhibit B.

Respectfully submitted,

JPMORGAN CHASE & CO., J.P. MORGAN
SECURITIES, INC., ERIC BEINSTEIN and
JOSEPH GHARTEY

By their attorneys,

Joan Ackerstein, BBO # 348220
Heather Stepler, BBO # 654269
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
Dated: May /9, 2006                    (617) 367-0025

## CERTIFICATE OF SERVICE

I hereby certify that on this /9th day of May, 2006, a copy of the foregoing document was
served upon Plaintiff's Attorney, Lawrence J. Casey, Shilepsky O'Connell Casey Hartley Michin Yelen
LLP, 225 Franklin Street, 16th Floor, Boston, MA 02110, by hand delivery.

Jackson Lewis LLP

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT

DION RHODES,
        Plaintiff,

v.

JPMORGAN CHASE & CO., J.P. MORGAN
SECURITIES, INC., ERIC BEINSTEIN and
JOSEPH GHARTEY,
        Defendants.

Civil Action No. 06-1667-H

## NOTICE OF FILING OF NOTICE OF REMOVAL

To: Civil Clerk's Office
    Suffolk County Superior Court
    Civil Business, 12th Floor
    Three Pemberton Square
    Boston, MA 02108

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior

Court, Suffolk County, has been duly filed in the U.S. District Court for the District of

Massachusetts. Attached hereto as Exhibit A is a certified copy of that Notice of Removal.

Respectfully submitted,

JPMORGAN CHASE & CO., J.P. MORGAN
SECURITIES, INC., ERIC BEINSTEIN and
JOSEPH GHARTEY

By their attorneys,

Heather Stepler

Joan Ackerstein, BBO # 348220
Heather Stepler, BBO # 654269
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this _22_ day of May, 2006, a copy of the foregoing document was served upon Plaintiff's Attorney, Lawrence J. Casey, Shilepsky O'Connell Casey Hartley Michin Yelen LLP, 225 Franklin Street, 16th Floor, Boston, MA 02110, by first-class mail, postage prepaid.

Heather Stepler
Jackson Lewis LLP